IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRENCE A. MCCRADY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:06CV00034 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MARK A. ELLIOT; | ) By: Hon. Glen E. Conrad |
| ENNSTONE, INC., | ) United States District Judge |
| Trading as Valley Redi Mix, Co., Inc.; | ) |
| R.G. HARRIS TRANSPORTATION, INC., | ) |
| | ) |
| Defendants. | ) |

Terrence A. McCrady brings this contract action against Mark A. Elliot, Ennstone, Inc., and R.G. Harris Transportation, Inc., alleging that the defendants prevented him from seeking employment with another company, intentionally interfered with his contract rights, intentionally inflicted emotional distress, and breached a contract. McCrady asserts subject matter jurisdiction based on diversity of parties, under 28 U.S.C. § 1332(a). The plaintiff has also filed a motion to amend the Complaint, adding a claim under 42 U.S.C. § 1983, which would vest subject matter jurisdiction in this court based on the existence of a federal question. The case was filed in this court on April 18, 2006. The case is currently before the court on defendants Elliot's and Ennstone, Inc.'s motion to dismiss. For the following reasons, the court will grant the defendants' motion to dismiss.

## BACKGROUND

The plaintiff filed a complaint alleging that defendants Elliot and Ennstone discharged him and prevented him from obtaining other employment, intentionally interfered with his

contract rights, and intentionally inflicted emotional distress. The plaintiff alleges that defendant Harris Transportation breached an oral employment contract with the plaintiff. McCrady seeks to recover $430,500.

The plaintiff's Complaint states that he was employed by Ennstone as a cement mixer driver from March of 2001 until December of 2003. (Compl. 2.) He claims that he was fired from his job "in relation to an assault and battery on his person." (Compl. 2.) As a result, the plaintiff filed a civil action in the circuit court for Frederick County, Virginia. (Compl. 2.)

In April of 2004, the plaintiff was contacted and interviewed by Dave Harris, the owner and manager of Harris Transportation, about hauling bulk cement to the Ennstone plants. (Compl. 2-3.) After training, the plaintiff began making deliveries to the plant. (Compl. 3.) On the morning of April 20, the plaintiff's second day of deliveries to the plant, Harris informed the plaintiff that Ennstone had called and told Harris that the plaintiff could not deliver cement or enter the Ennstone property. (Compl. 3-4.). Apparently, the plaintiff was then terminated by Harris. After this point, the plaintiff was unemployed until November 5, 2004. (Compl. 4.)

The plaintiff's Complaint includes the following claims: (1) defendants Elliot and Ennstone willfully and maliciously prevented the plaintiff from obtaining employment (Count One); (2) defendants Elliot and Ennstone intentionally interfered with the plaintiff's contractual relations or rights (Count Two); (3) defendants Elliot and Ennstone intentionally inflicted emotional distress (Count Three); and (4) defendant Harris Transportation breached an oral employment contract with the plaintiff (Count Four). Defendants Elliot and Ennstone filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or motion for judgment

2

on the pleadings. The plaintiff responded, and the parties agreed to have the court decide the matter without a hearing, based upon the written submissions to the court.

## DISCUSSION

### I. Motion to Dismiss

The defendants claim that the Complaint fails to allege facts upon which subject matter jurisdiction can be based. Federal Rule of Civil Procedure 8(a) requires that a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. Pro. 8(a). Jurisdiction based upon diversity of citizenship requires complete diversity; the citizenship of all defendants must be diverse from that of the plaintiff. Strawbridge v. Curtiss, 7 U.S. 267 (1806).

If a defendant contends that a complaint fails to allege facts upon which subject matter jurisdiction can be based, the facts alleged in the complaint are assumed to be true. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In this case, the defendants challenge the Complaint on this basis, claiming that it fails to allege complete diversity.[1]

The Complaint provides only the address of the plaintiff (in Stephens City, Virginia), and does not provide any information about the citizenship and domicile of defendant Elliot. The Complaint states that Ennstone "is a multi-national corporation based in Great Britain, which owns and operates concrete plants in Stephens City, Va. and Front Royal, Va., under the trade

---

[1] The defendants also claim that certain jurisdictional allegations in the complaint are incorrect. The court finds it unnecessary to reach this issue, however. See Adams, 697 F.2d at 1219 (stating that a motion to dismiss for lack of subject matter jurisdiction can be based upon a claim that the complaint does not allege facts upon which subject matter jurisdiction can be based, or upon a claim that jurisdictional allegations are untrue).

3

name Valley Redi Mix Co. Inc." (Compl. 2). The Complaint also states that Ennstone's corporate offices are located at 301 Warrenton Road in Fredericksburg, Virginia. The information that defendant Harris Transportation has a mailing address in Hedgesville, Maryland, and the chief operating officer resides in Hedgesville, West Virginia is also provided in the Complaint.

Accepting the information provided by the plaintiff as true, the plaintiff has still failed to properly plead diversity jurisdiction. First, the plaintiff provides information about his residence, but fails to provide information about his own citizenship. As the United States Court of Appeals for the Fourth Circuit has recognized, "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted). Second, the plaintiff does not provide any information about the citizenship of defendant Elliot, merely stating that Elliot is the president of the United States division of Ennstone, which is located in Virginia. Third, the plaintiff does not provide sufficient information to determine the citizenship of the two corporate defendants. Citizenship of a corporation includes "any State by which it has been incorporated and ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Complaint does not specify this information for either corporation. Without knowing the defendants' or the plaintiff's citizenship, the court cannot determine whether there is complete diversity between the defendants and the plaintiff, and the plaintiff has not borne the burden of establishing diversity jurisdiction. Therefore, this action must be dismissed for lack of subject matter jurisdiction.

As the court lacks subject matter jurisdiction, the defendants' motion to dismiss will be granted.[2] The court therefore finds it unnecessary to address the defendants' motion for judgment on the pleadings.

## II.  Motion for Leave to Amend

The plaintiff has filed a notice to amend pleadings, proposing to add a fifth count, pursuant to 42 U.S.C. § 1983, for "Deprivation of Employment Rights." The plaintiff contends that adding this count will satisfy jurisdictional requirements under 28 U.S.C. § 1343(a)(3), and the other claims will then fall under the court's supplemental jurisdiction.

Under Federal Rule of Civil Procure 15, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be denied by the court only if amendment is prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment is futile. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Leave to amend can be denied for futility if the proposed amendment is insufficient on its face. Id. at 510 (internal citations omitted). The plaintiff's proposed amendment is clearly insufficient on its face, and the court will therefore deny the plaintiff's notice to amend. Section 1983 imposes civil liability on any person acting under color of law to deprive another person of rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.

---

[2] For the reasons noted above, the claims as to defendant Harris Transportation will also be dismissed, for lack of complete diversity. Although this defendant has not filed a motion to dismiss, the court can raise the matter of subject matter jurisdiction sua sponte. See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982).

5

As the plaintiff cannot show that the defendants acted under color of law, the proposed amendment is futile. An action by a private entity can only be "under color of law" if: (1) the action is coerced by the state; (2) the state has delegated to a private entity an action the state has a constitutional duty to perform; (3) the state delegated to a private entity a function that is traditionally and exclusively public; or (4) the state assists a private entity in enforcing the private entity's rights. Andrews v. Federal Home Loan Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993). The employment actions undertaken by the defendants, private citizens and companies, do not fall under any of these scenarios, and the defendants therefore did not act under color of law. As a result, plaintiff's amendment to assert a 42 U.S.C. § 1983 claim would be futile. See Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir. 1993) (holding that an amendment seeking to add claims under 42 U.S.C. § 1983 was futile because the plaintiff could not show that the defendant acted under color of law).

## CONCLUSION

The plaintiff has failed to establish that this court has jurisdiction over this matter. For the reasons stated, the defendants' motion to dismiss for want of subject matter jurisdiction is granted, and the plaintiff's notice to amend the pleadings is denied as futile.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 19th day of June, 2006.

_____
United States District Judge

6

Case 5:06-cv-00034-GEC   Document 14   Filed 06/19/06   Page 6 of 6   Pageid#: 52