CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 3 0 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRENCE A. MCCRADY, | ) |
| Plaintiff, | ) Civil Action No. 5:06CV00034 |
| v. | ) **MEMORANDUM OPINION** |
| MARK A. ELLIOT; | ) By: Hon. Glen E. Conrad |
| ENNSTONE, INC.; | ) United States District Judge |
| R.G. HARRIS TRANSPORTATION, INC., | ) |
| Defendants. | ) |

This case is before the court on the plaintiff's motion for reconsideration. In a memorandum opinion and order dated June 19, 2006, the court dismissed this case on defendants Elliot's and Ennstone, Inc.'s motion. The plaintiff then filed this motion on July 10, 2006 requesting the court to reconsider its decision granting the defendants' motion to dismiss.

The plaintiff states in his motion that he is unsure whether his motion would properly fall under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). As the plaintiff has noted, his motion was filed more than ten days after the judgment of the court. Therefore, it cannot be treated as a motion to alter or amend the judgment pursuant to Rule 59(e). See Fed. R. Civ. P. 59(e). As a result, the court will treat the plaintiff's motion as a motion to reconsider pursuant to Rule 60(b). Under Rule 60(b), a party may move the court for relief from a final judgment on the basis of reasons such as mistake, inadvertence, surprise, or excusable neglect, or for any other

reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). However, this rule does not "authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982); CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400 (4th Cir. 1995).

In his motion, the plaintiff asks the court to reconsider its previous ruling granting the defendants' motion to dismiss on the following grounds: (1) the plaintiff's previously filed motion for leave to amend did not contain the information sufficient for the court to decide whether an amendment would be futile; (2) there are issues of federal law pertaining to the plaintiff's case that must be addressed by the federal courts; and (3) the plaintiff has a right to amend his original complaint to assert federal jurisdiction.

To the extent that the plaintiff is asking the court to change its mind, a motion to reconsider is not allowable pursuant to Rule 60(b). Williams, 674 F.2d at 313. The plaintiff specified in his Notice to Amend Pleadings, filed with the court on June 8, 2006, that "[a] brief description of the content of amended pleadings appears in the accompanying Memorandum in Response to Defendants' Motion to Dismiss." Notice to Am. Pleadings. In the memorandum, the plaintiff stated that his amended pleading would include a claim under 42 U.S.C. § 1983, which the court found to be a futile amendment.

Furthermore, the court notes that the plaintiff's newly proposed amended complaint would still not provide the court with federal subject matter jurisdiction. The plaintiff proposes to add two counts based on the Fourteenth Amendment. For the reasons stated in the court's previous opinion, however, these amendments would be futile because the plaintiff could not show that the defendants, private citizens and

2

companies, acted under color of law. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42-43 (4th Cir. 1993); West v. Atkins, 487 U.S. 42, 49 (1988).

For the foregoing reasons the court will deny the plaintiff's motion to reconsider. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel for the defendants.

ENTER: This 30th day of March, 2007.

*/s/ Judy Conrad*
United States District Judge